# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUAN P. ZUNIGA-SILVA,                )
                                     )
      Petitioner/Defendant,        )
                                     )
v.                                   )    **Case No. 08-20112-1-CM**
                                     )         **09-2601-CM**
                                     )
UNITED STATES OF AMERICA,            )
                                     )
      Respondent/Plaintiff         )
_____)

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 40) and the government's Motion to Enforce Waiver of Collateral Attack (Doc. 42). Petitioner argues that he received ineffective assistance of counsel, which rendered his plea unknowing and involuntary. The government moves to enforce the waiver in the plea agreement and deny petitioner's motion. For the reasons set forth below, this court denies petitioner's § 2255 motion, and grants the government's motion.

## I.     Factual and Procedural Background

While under law enforcement surveillance, petitioner and his co-defendant met with a confidential source in order to provide a substance, later to be identified as cocaine base, in exchange for the purchase of a car. After the confidential source identified what (s)he thought was a large bag of cocaine in the co-defendant's vehicle, members of the Drug Enforcement Agency and Kansas City Kansas Police Department arrested petitioner and his co-defendant, and searched the vehicle. During the search, law enforcement officers recovered approximately 451.1 net grams of cocaine, 9.6 net grams of cocaine base (crack cocaine), and a loaded Ruger P85 9mm handgun.

Petitioner was charged and later pleaded guilty to Counts 2 and 4 of the Indictment, charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2, knowingly and intentionally possessing with intent to distribute a mixture and substance containing five grams or more of a detectable amount of cocaine base ("crack cocaine"), and a violation of 18 U.S.C. §§ 924(c) and 2, knowingly, intentionally and unlawfully using and carrying firearm during and relation to a drug trafficking crime, respectively. He was sentenced by this court to a term of sixty months imprisonment on Count 2 to run consecutively to a term of sixty months imprisonment on Count 4.

Though petitioner did not file an appeal in this case, he timely filed this motion to collaterally attack his conviction and sentence.

## II.    Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test when reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner argues that his motion should be granted for the following two reasons: (1) Counsel rendered ineffective assistance for failure to (a) advise petitioner on the consequences of entering a plea pursuant to 18 U.S.C. § 924(c) and (b) advise petitioner that there was a disparity between the co-defendants' sentences; and (2) The court should modify his sentence pursuant to forthcoming changes in the sentencing guidelines for crack cocaine offenses. The government moves to enforce the waiver provision of petitioner's plea agreement, and argues that the court

should look to the plain language of the plea agreement in order to determine whether the claims fall within the scope of the plea waiver. The government further argues that because petitioner's sentence fell within the applicable guideline range, petitioner waived his right to challenge the sentence imposed by the court under *Hahn*. Finally, the government argues that even if the court were to find that petitioner's claim for ineffective assistance falls outside of the scope of the waiver, the petitioner does not meet both prongs under *Strickland v. Washington*, 466 U.S. 668 (1984), and enforcing the waiver would not result in a miscarriage of justice. The court will now address which claims fall within the scope of the waiver, and which claims fall outside of the scope

### A. Petitioner's Claims That Fall Within the Scope of the Waiver

### 1. The Scope and Validity of the Waiver

Petitioner argues that his plea was unknowing and involuntary because his counsel was ineffective when he failed to advise petitioner of the sentencing disparity between him and his co-defendant. Petitioner further argues that the court should modify his sentence pursuant to "forthcoming changes" in the crack-cocaine disparity laws. Because these arguments involve defendant's sentence, the court finds that both claims fall under the scope of the plea waiver.

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; and that he was satisfied with the advice and services of his attorney. (Change of Plea Hrg. Tr. Feb. 20, 2009, at 23–25, 28–29.) He also stated that he had reviewed and understood the waiver of his right to appear and collaterally attack his sentence and conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. *Id*. at 9–10. Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 10, entitled "Waiver of Appeal and Collateral Attack":

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 30, at 8.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

### 2.     Whether Enforcing the Waiver Would Result in a Miscarriage of Justice

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the

fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner

bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d

955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence to show that the

court relied on an impermissible factor such as race in these proceedings or that the plea waiver was

unlawful. Further, the petitioner's sentence did not exceed the statutory maximum.

### a.     Disparate Sentences Argument

Petitioner fails to provide evidence that his counsel rendered ineffective assistance while

negotiating the waiver as to his disparate sentences claim. Petitioner argues that his counsel failed to

call the court's attention the possible sentencing disparity between the two co-defendants. However,

the Tenth Circuit "held in *Garza* that 'disparate sentences are allowed where the disparity is

explicable by the facts on the record.'" *United States v. Maden*, 114 F.3d 155, 159 (10th Cir. 1997)

(quoting *United States. v. Garza*, 1 F.3d 1098, 1101 (10th Cir. 1993)); *see also United States v.*

*Contreras*, 108 F.3d 1255, 1271 (10th Cir. 1997) ("avoiding the question whether the trial court

abused its discretion in departing on disparity because co-defendants were not similarly situated").

"Co-defendants who are charged with and convicted of different offenses are not 'similarly situated'

with respect to the sentencing guidelines." *Contreras*, 108 F.3d at 1271–1272 (quoting *United*

*States v. Butt*, 955 F.2d 77, 90 (1st Cir. 1992)). Moreover, the Tenth Circuit advises that "sentencing

disparities resulting from different plea agreements by co-defendants are a legitimate exercise of

prosecutorial discretion." *United States v. Bridges*, 68 F. App'x 896, 899 (10th Cir. 2003); *see also*

*United States v. Contreras*, 108 F.3d at 1272 ("[E]ntering into plea bargains is within the United

States Attorney's prosecutorial discretion. . . . Moreover, allowing a defendant's sentence to be

reduced on account of a codefendant's plea bargain may tend to discourage the government from

offering plea bargains in cases involving multiple defendants.") (internal quotation marks and

citations omitted).

Petitioner and his co-defendant are not similarly-situated individuals in this case. Petitioner's co-defendant pleaded guilty to Count 1 of the Indictment, conspiracy to distribute and possess with intent to distribute fifty grams of more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II) and 18 U.S.C. § 2, whereas petitioner pleaded guilty to Counts 2 and 4 as stated above. Further, petitioner pleaded guilty one month prior to his co-defendant entering a guilty plea. Petitioner's counsel would not have known to advise petitioner about the substance of the co-defendant's plea agreement prior to petitioner entering his plea. Petitioner has failed to meet his burden under *Hahn* and *Anderson*, and therefore, the court finds that enforcing the waiver would not result in a miscarriage of justice as to this claim.

### b.      Modification of Sentence Claim

Next, petitioner asks this court to modify his sentence after "forthcoming" changes to the sentencing disparity in crack cocaine cases. Based on two House Bills presented in 2009, and a recent court decision in *United States v. Gully*, 619 F. Supp. 2d 633 (N.D. Iowa May 18, 2009), petitioner reasons that "forthcoming changes" will remedy his sentence by allowing the court to sentence him below the five-year mandatory minimum sentence the court imposed, reducing his sentence to 46-57 months. Petitioner claims a motion like this would be reviewed under 18 U.S.C. § 3582(c), and therefore, would be reviewed under the waiver provision of petitioner's plea agreement.

The court's sentence in this case was proper under the current laws. The court sentenced petitioner using the 2007 Amendments to the Sentencing Guidelines, giving him a 2-level reduction for his crack-related offense. 71 F. Reg. 28571–572 (2007). However, because there is a statutory mandatory minimum sentence requirement under 21 U.S.C. § 841(b)(1), the court sentenced

petitioner to five years imprisonment.  When a defendant is sentenced to a statutory mandatory minimum, a change in the crack cocaine sentencing guidelines does not affect the sentence.  *See United States v. Quarles*, No. 98-40044-01-RDR, 2008 WL 161686, at *1–2 (D. Kan. Jan. 16, 2008); *See also Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that the Anti-Drug Abuse Act of 1986 "does not require. . . sentencing courts. . . to adhere to the 100-to-1 ratio for crack cocaine quantities other than those that trigger the statutory mandatory minimum sentences"); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (finding that the court did not have the authority to reduce the defendant's sentence because he was sentenced pursuant to a statutory mandatory minimum).  For the reasons above, the court does not believe it would be a miscarriage of justice to deny this claim.

Further, although an unusual request, petitioner provides no authority, and the court can find none, that allows this court, under his current § 2255 motion, to grant petitioner's request to wait and resentence him if and when a possible change in the law occurs to the crack-cocaine sentencing disparity.

**B.    Petitioner's Claim Falling Outside of the Scope of the Waiver**

Next, petitioner argues that because his counsel rendered ineffective assistance of counsel for failing to advise petitioner of the consequences of entering a plea pursuant to 18 U.S.C. § 924(c), his plea was unknowing and involuntary.  Because this is an issue of whether petitioner's plea was knowing and voluntary as to Count 4, it falls outside of the scope of the waiver and the court will analyze the claim under the waiver exception as set out in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).  Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver.  *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187.  The court

applies the standard identified in *Strickland*, when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Petitioner argues that his counsel was ineffective because he did not investigate or challenge the plea agreement regarding Count 4 of the Indictment, the possession of a firearm charge under 18 U.S.C. § 924(c). He argues that had counsel investigated the facts of the case further with respect to whether he or his co-defendant actually possessed the gun, petitioner would not have pleaded guilty to this charge. Petitioner further argues that he did not have actual possession or knowledge of the gun.

The court disagrees and finds no evidence to suggest that counsel's performance fell below the standard of reasonableness to render petitioner's plea unknowing and involuntary under *Strickland*. During the change of plea hearing, the court recalls conducting an inquiry with

petitioner in which he admitted to doing exactly what was set out in the factual basis of the plea agreement.[1]  Further, petitioner indicated to the court that he still wanted to enter a guilty plea to Count 4 of the Indictment after being informed that pleading guilty to the charge would result in a term of no less than five years of imprisonment consecutive to any other sentence received.  (Change of Plea Hrg. Tr., at 12.)  Finally, there is evidence in the record to suggest that the gun actually belonged to petitioner.[2]  Petitioner fails to prove that his plea was not entered knowingly and voluntarily, and that his attorney's representation fell below the standard of reasonableness set out under *Strickland*.

After reviewing the record in its entirety, and based on the court's recollection, the court finds that petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for this court to enforce the waiver provision of his plea agreement. Therefore, the court denies petitioner's motion and grants the government's motion.

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a

---

[1]  Paragraph two of petitioner's plea agreement addresses the facts surrounding the gun charge: "TFO Williams also discovered a Ruger P85 9mm handgun . . . and a loaded magazine with 15 rounds of ammunition.  The position of Castro and Zuniga-Silva in relation to the position of the handgun, allowed each the potential to gain access to the firearm."  (Doc. 30, at 4.)

[2]  Petitioner's co-defendant also entered a plea of guilty in the case.  The co-defendant's plea agreement includes the language as set out in the factual basis (footnote 1) of petitioner's plea agreement, in addition to the following language: "Castro advised that the firearm belonged to Zuniga."

petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that the government's Motion to Enforce Waiver of Collateral Attack (Doc. 42) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 3rd day of May, 2010, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**