**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JUAN PEDRO ZUNIGA-SILVA,** )<br>a.k.a. **LAMBERTO GASTELUM-LIMON** )<br>a.k.a. **JOSE SAUCEDA-SILVA** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 08-20112-001-CM |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 54.) Defendant seeks to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines, which reduced the minimum sentencing guidelines applicable to certain crack cocaine offenses. For the following reasons, the court denies defendant's motion.

**I.      Factual and Procedural Background**

On February 20, 2009, defendant pleaded guilty to two counts: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), possession with intent to distribute cocaine base; and 18 U.S.C. § 924(c), possession of a firearm while committing a drug trafficking crime. (Doc. 30.) The court adopted the Presentence Investigation Report ("PSIR"), which concluded defendant's total offense level was 23, and his criminal history category was I.[1] Although the advisory guideline range for defendant's offense level

---

[1] (PSIR ¶ 57.) The court held defendant accountable for 1,959.6 grams of cocaine and 9.6 grams of cocaine base. (PSIR ¶ 29.) Pursuant to § 2D1.1(c)(7) and application note 10(D) of the sentencing guidelines, the 1,959.6 grams of cocaine was converted to 391.92 kilograms of marijuana and the 9.6 grams of cocaine base was converted to 192 kilograms of marijuana. (*Id.*) This resulted in a total of 583.92 kilograms of marijuana which resulted in a base offense level of 26. (*Id.*)

and criminal history category was 46 to 57 months, each offense carried with it a five-year statutory mandatory minimum sentence.  (PSIR ¶¶ 56–57.)  Accordingly, on May 18, 2009, the court imposed the statutory mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(B)(iii) and 18 U.S.C. § 924(c), and sentenced defendant to a 120-month term of imprisonment.  (Doc. 37.)  On November 8, 2011, defendant filed the current motion seeking a reduction of his sentence.  (Doc. 54.)  Specifically, defendant relies on parts A and C of Amendment 750, which amended the sentencing guideline's offense levels for certain drug offenses.  *See* U.S.S.G. § 1B1.10.

## II.     Legal Standards and Analysis

### A.  Statutory Mandatory Minimum Sentence

In May, 2009, at the time of defendant's sentencing, the amount of cocaine base required to implicate the statutory mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B)(iii) was 5 grams.  On August 3, 2010, however, the Fair Sentencing Act of 2010 ("FSA') amended 21 U.S.C. § 841(b)(1)(B)(iii) by changing that amount to 28 grams.  Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).  As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1 to 18:1.  *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011).  Although defendant argues he is entitled to a retroactive sentence reduction based on the amended sentencing guidelines, the court's imposition of the statutory mandatory minimum sentences must also be addressed.

Importantly, because Congress did not provide for the FSA's amended ratio to apply retroactively, the defendant is not entitled to a sentence reduction.  *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010).  The Tenth Circuit in *Reed* addressed this issue and rejected an appellant's argument that the FSA applied retroactively to reduce his sentence.  *Id*.  In so concluding, the Tenth Circuit stated, "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties

in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id*. (quoting *United States v. Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)). Accordingly, the Tenth Circuit held that the FSA's amended crack to powder ratio applies only to defendants sentenced after August 3, 2010. *See Reed,* 410 F. App'x at 111; *see also Lewis*, 625 F.3d at 1228.

Although the FSA amended the drug amounts associated with defendant's offense, the court sentenced defendant in May, 2009, before the FSA went into effect. Thus, because the FSA cannot be applied retroactively, and because the court sentenced defendant before its effective date, defendant is not eligible for a sentence reduction based on the amended statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii).

### B. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c), the court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Additionally, a sentence reduction must be consistent with the Commission's applicable policy statements. *Id*.; U.S.S.G. § 1B1.10(a)(1). The Supreme Court recently emphasized this requirement in *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010), stating, "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission."

Although the sentencing guidelines allow for retroactive application, they also provide limitations. Specifically, the sentencing guidelines state, "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Subsection (c) includes

Amendment 750, which amended the sentencing guidelines by adjusting the cocaine base amounts in the drug quantity table. U.S.S.G. §§ 1B1.10(c), 2D1.1(c). Defendant argues the court should reduce his sentence based on Amendment 750 and its retroactive application. Accordingly, the court must determine whether Amendment 750 has the effect of lowering defendant's applicable guideline range.

While defendant correctly points out that Amendment 750 does provide for retroactive application, he fails to acknowledge the effect of his statutory mandatory minimum sentence. Based on the sentencing guidelines, the imposition of a statutory mandatory minimum sentence demonstrates Amendment 750 does not have the effect of lowering defendant's applicable guideline range. Application note 1 of the current sentencing guidelines provides further clarity on this point, and states,

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).

U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). Moreover, the sentencing guidelines state, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Section 5G1.1(b) and application note one are analogous to defendant's situation. The PSIR determined defendant had a total offense level of 23 by applying the sentencing guidelines and taking into account the quantity of cocaine and cocaine base attributed to defendant. The PSIR noted that defendant's offense level, combined with a criminal history category of I, would generally result in a guideline range of 46 to 57 months. However, due to the mandatory minimum sentences associated with each offense, the guideline range was 120 months. Accordingly, the court sentenced defendant to

-4-

a 120-month term of imprisonment based on the mandatory minimum sentences associated with each offense, and not the advisory guideline range.  *See* U.S.S.G. §§ 5G1.1(b), 1B1.10 cmt. n.1.

Therefore, because the court imposed a statutory mandatory minimum sentence, Amendment 750 does not have the effect of lowering defendant's applicable guideline range.  Thus, defendant is not entitled to a reduction in his term of imprisonment.

**IT IS THEREFORE ORDERED** that defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

           s/ Carlos Murguia
           **CARLOS MURGUIA**
           **United States District Judge**